**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES-GENERAL**

Case No. CV 14-2270-SJO (PLA)                                          Date  March 31, 2014

Title:  Lawrence Lamar Jones v. R.T.C. Grounds, Warden

---

PRESENT: THE HONORABLE    PAUL L. ABRAMS

☐ U.S. DISTRICT JUDGE
☒ MAGISTRATE JUDGE

| Christianna Howard | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PETITIONER:**
NONE

**ATTORNEYS PRESENT FOR RESPONDENTS:**
NONE

**PROCEEDINGS:**      (IN CHAMBERS)

On March 13, 2014, petitioner constructively filed a Petition for Writ of Habeas Corpus By a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") and a Request for Stay and Abeyance ("Request"). A review of the Petition shows that petitioner has raised five grounds for relief related to: (1) "the trial court's modification of jury instruction[s] on self-defense and voluntary manslaughter[;]" (2) the trial court's "failure to apply" the correct law "to the issue of indirect aiding and abetting[;]" (3) the trial court's error in instructing the jury "on murder liability as a natural and probable consequence of the commission of disturbing the peace, assault, or battery[;]" (4) ineffective assistance of trial counsel; and (5) ineffective assistance of appellate counsel. (See Petition at 5-6; "Attached Documents" at 24, 42, 45, 58, and 63).

In his Request, petitioner asserts that two of the five claims in the Petition (Grounds Four and Five) have not been exhausted in state court. (Petition at 5-7; Request). He represents that he has filed a habeas petition in the Los Angeles County Superior Court that raises claims identical to Grounds Four and Five as set forth in the instant Petition. (Petition at 6, 8; Request; "Attached Documents" at 58-61, 63-69). While petitioner does not indicate the date he filed his petition in the superior court, he asserts in the Petition that he filed it at the "same time as [the instant] Petition." (See Petition at 8). Petitioner "respectfully request[s] abeyance in order to properly exhaust claims that are now filed in [the] Los Angeles Superior [Court]. These claims are included herein but have not been exhausted and can possibly obtain [petitioner] relief." (See Request).

As petitioner asserts that, at a minimum, Grounds Four and Five of the instant Petition are unexhausted, the instant Petition is "mixed," i.e., a petition containing both exhausted and unexhausted claims. As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in a petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L Ed.2d 379 (1982). Exhaustion requires that the petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000). State remedies are not exhausted if an appeal or petition for post-conviction relief is still pending in state court. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (if petitioner has a pending state appeal, he "must await

the outcome of his appeal before his state remedies are exhausted"); Schnepp v. Oregon, 333 F.2d 288 (9th Cir. 1964) (per curiam) (state remedies are unexhausted where a petition for post-conviction relief is still pending in state court).

A mixed petition may be stayed pursuant to Rhines v. Weber, 544 U.S. 269, 278, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), if: (1) the petitioner has good cause for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. Rhines, 544 U.S. at 278 (2005); see also Wooten v. Kirkland, 540 F.3d 1019, 1022 (9th Cir. 2008), cert. denied, Wooten v. Horel, 129 S.Ct. 2771 (2009).  Moreover, in Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), the Supreme Court held that, to avoid the predicament of a petitioner finding out too late that his or her state petition was not timely filed and thus did not toll the one-year statute of limitations under 28 U.S.C. § 2244(d)(2), the petitioner could "fil[e] a 'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." 544 U.S. at 416 (citing Rhines, 544 U.S. at 278).

Prior to Rhines, in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007) ("Kelly"), the Ninth Circuit held that a district court has discretion to allow a petitioner to amend a mixed petition to delete any unexhausted claims, stay the fully exhausted petition pending exhaustion of the unexhausted claims, and then allow the petitioner to amend the petition to include the newly exhausted claims. See id. at 1070-71; see also Olvera v. Giurbino, 371 F.3d 569, 573-74 (9th Cir. 2004).  In King v. Ryan, 564 F.3d 1133 (9th Cir. 2009), the Ninth Circuit held that the Kelly procedure remains an option after Rhines, and that the propriety of a Kelly stay does not depend on a showing of good cause for the failure to exhaust. Id. at 1143. A Kelly stay "is particularly appropriate when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by [28 U.S.C. § 2244(d)]." Kelly, 315 F.3d at 1070. However, a petitioner's invocation of Kelly is subject to the requirement that once the petitioner has fairly presented his now exhausted claim, that newly exhausted (and possibly otherwise time-barred) claim must "share[ ] a 'common core of operative facts' with the claims in the pending petition." King, 546 F.3d at 1141 (quoting Mayle v. Felix, 545 U.S. 644, 659 (2005)). However, a claim in an amended petition does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Hebner v. McGrath, 543 F.3d 1133, 1138 (9th Cir. 2008); see Mayle, 545 U.S. at 660-61.

As it appears that Grounds Four and Five of the Petition are unexhausted, and thus that the Petition is subject to dismissal as a "mixed" petition, petitioner has the following four options in this action:

**Option 1:** Petitioner may request a voluntary dismissal of the entire action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), so that he may return to the state courts to exhaust his unexhausted claims. However, petitioner is cautioned that should he choose to dismiss the instant Petition, any subsequent federal petition may be entirely time-barred by the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." **In order to proceed under Option 1, petitioner may use the attached Notice of Dismissal form and select the option dismissing this action in its entirety. He must also sign the form.**

**Option 2:** Petitioner may request a voluntary dismissal of his unexhausted claims (Grounds Four and Five) and elect to proceed only on his exhausted claims (Grounds One, Two, and Three). However, petitioner is advised that if he elects to proceed with his exhausted claims, any future habeas petition containing his currently unexhausted claims, or other claims which could have been raised in the instant Petition, may be rejected as successive. **In order to proceed under Option 2, petitioner may use the attached Notice of Dismissal form to select the option dismissing only certain claims, must specify which grounds for relief in the Petition**

---

**he seeks to dismiss, and must sign the form.**

**Option 3:** Pursuant to Rhines, the Court is empowered to stay the claims in a "mixed" petition while petitioner returns to state court to exhaust his already pled, but unexhausted, claims. To obtain a stay pursuant to Rhines, petitioner must show that: (1) he has good cause for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that he intentionally engaged in dilatory litigation tactics. Id. at 278. **In order to proceed under Option 3, petitioner must file a declaration, signed under penalty of perjury, selecting a stay pursuant to Rhines, and must also: (1) inform the Court whether he is currently exhausting Grounds Four and Five through a pending state habeas petition and, if so, provide the Court with a complete copy of that petition; and (2) show good cause for not having already exhausted his unexhausted claims, demonstrate that the claims are not plainly meritless, and show that he has not intentionally engaged in dilatory litigation tactics.** Petitioner asserts that he filed his first state habeas petition, including Grounds One, Two, and Three, on October 3, 2013, with "approximately 51 days" remaining in his AEDPA statutory filing period, and that he filed the instant Petition (and presumably also his second state habeas petition, which he filed "at the same time") within the one-year period for him to seek federal habeas relief under AEDPA. (See Petition at 8). However, petitioner so far has offered no explanation for his failure to timely exhaust Grounds Four and Five of the instant Petition, and thus has not yet set forth any facts to show that he has good cause under Rhines for failing to previously exhaust his unexhausted claims in state court. Petitioner must do so in order to proceed under Option 3.

**Option 4:** Pursuant to Kelly, petitioner may dismiss his unexhausted claims (Grounds Four and Five), after which the Court would be empowered to stay his remaining fully exhausted claims (Grounds One, Two, and Three) while he returns to the state courts to exhaust his dismissed claims. Petitioner is warned, however, that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely ... [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." King, 564 F.3d at 1140-41. In particular, petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with an exhausted claim in the pending petition. Mayle, 545 U.S. at 659. **In order to proceed under Option 4, petitioner must: (1) file a declaration, signed under penalty of perjury, selecting a stay pursuant to Kelly, and (2) use the attached Notice of Dismissal form to select the option dismissing only certain claims, specify which grounds for relief in the Petition he seeks to dismiss, and sign the form.**

Accordingly, **no later than April 21, 2014**, petitioner is **ordered** to show cause why the Petition should not be dismissed as a "mixed" petition. Filing by petitioner, on or before **April 21, 2014**, of a notice of dismissal **or** declaration, using **one** of the four options detailed above, shall be deemed compliance with this Order to Show Cause.

**Petitioner is advised that his failure to timely file a response to this Order, as set forth herein, will result in a recommendation that this action be dismissed as a "mixed" petition, and for failure to prosecute and follow Court orders**. The clerk is directed to send petitioner a copy of the Notice of Dismissal form, along with this Order.

cc:     Lawrence Lamar Jones, Pro Se

Initials of Deputy Clerk____ch____