UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAWRENCE LAMAR JONES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>C. PFEIFFER, Warden,<br><br>　　　　　Respondent. | No. CV 14-2270-SJO (PLA)<br><br>**ORDER ACCEPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE** |

　　On March 31, 2016, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that respondent's Motion to Dismiss be granted and petitioner's Second Amended Petition seeking habeas relief be denied as time barred and dismissed with prejudice. On June 13 2016, petitioner filed Objections to the R&R. On August 23, 2016, respondent filed a Response to the Objections.

　　In the Objections, petitioner asserts that equitable tolling is warranted because for several weeks beginning on February 17, 2014, he was denied access to the law library, and as a result he was unable to timely file his Petition by March 4, 2014, the statute of limitations deadline. Specifically, petitioner alleges that after his Petition was prepared, he promptly submitted three law library requests (on February 17, February 25, and March 2, 2014) that received no response. According to petitioner, he needed access to the law library in order to: conduct research regarding court rules; obtain necessary documents (such as a proof of service form and a trust

withdrawal form); make copies of his Petition; and obtain an envelope for mailing his Petition. Petitioner alleges that it was not until around March 11, 2014, that he was granted law library access, after which he promptly mailed his Petition for filing. Petitioner asserts that, if tolling were granted for this time period during which he was prevented from accessing the law library, the Petition would be timely. (Objections at 2-4).

In the Response to petitioner's Objections, respondent argues that petitioner is not entitled to equitable tolling because prison law library records show that for the time period February 18, 2014, through March 11, 2014, petitioner was provided access to the law library on five separate occasions. (Response to Objections at 6). In support, respondent has lodged the declaration of Matthew Colvin, a Senior Librarian at Salinas Valley State Prison ("SVSP") in Soledad, California. (Lodgment No. 18). In the declaration, Mr. Colvin states under penalty of perjury that it is the practice at SVSP to keep a log of law library access visits for all inmates. In July 2016, Mr. Colvin conducted a search of the law library visits of petitioner from February 2013 to April 2014. The records indicate that, during that time period, petitioner was provided law library access on 30 different occasions and was denied access two times. Of relevance here, petitioner was granted law library access on February 18, 2014, February 19, 2014, February 26, 2014, March 4, 2014, and March 5, 2014. (Lodgment No. 18 at ¶¶ 2-5).

As discussed in more detail in the R&R, equitable tolling of the statute of limitations may be warranted if (1) a petitioner has been pursuing his rights diligently, and (2) an "extraordinary circumstance" stood in his way that prevented him from timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (citation omitted). Based on a review of the record, the Court concludes that petitioner's objection to the R&R based on alleged ignored law library requests is meritless. While petitioner asserts that his law library requests made during a critical period before the March 4, 2014, limitations deadline received no response from prison officials and he was therefore prevented from using the library, the record shows otherwise. According to Mr. Colvin's sworn declaration, prison library records reflect that petitioner accessed the law library five times from February 18, 2014, through March 5, 2014. Accordingly, petitioner

has not demonstrated that he is entitled to equitable tolling based on denied law library access. In other words, petitioner has not shown in his Objections that any extraordinary circumstances prevented him from timely filing his Petition.

## **CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Magistrate Judge's Report and Recommendation, and petitioner's objections to the Report and Recommendation. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Respondent's Motion to Dismiss is granted.
3. Judgment shall be entered consistent with this Order.
4. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: August 26, 2016

_S. James Otero_
HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE